383 P.2d 823

R. L. (Bob) KNOX, Plaintiff-Appellee,

v.

Timoteo TRUJILLO and Mrs. Serapio Trujillo, Defendants-Appellants.

No. 7248.

Supreme Court of New Mexico.

July 15, 1963.

Robert S. Skinner, Raton, for appellant.

William H. Darden, Raton, for appellee.

MOISE, Justice.

Defendant, Timoteo Trujillo, appeals from a judgment finding that he negligently caused the death of four horses and injured another when he struck them while driving a loaded lumber truck. The facts are, briefly, that plaintiff, driving a pick-up and assisted by two mounted herdsmen, was moving 22 saddle horses along a road near its junction with U. S. Highway 64 near Eagle Nest, New Mexico. The horses were unbridled and loose, but under the control of plaintiff and his herdsmen. The lead

horseman, who was carrying a red flag to warn traffic, had stopped the herd at the intersection near the edge of the pavement on U. S. 64 and was holding the horses off the road. The defendant, operating a loaded lumber truck, approached over a hill. From the direction defendant was traveling, the junction is visible only for about .2 of a mile, and the road slopes downward toward the junction and curves sharply to the driver's right. The horses were being held on the left hand side of the road from the driver's point of view.

Plaintiff saw the truck and, thinking that his lead flagman was in danger of being hit by the truck, called to him to get out of the way. The herdsman turned his mount to avoid the approaching danger, and several of the horses moved onto the left side of the road where they were hit.

The trial court found that although plaintiff was preparing to move his horses across the highway, they had not yet moved, and that they actually never moved into the driver's (right) lane of traffic. The court further found that the horses were properly under control; that plaintiff was not negligent in any act connected with moving the horses, and that the fact the horses were loose did not proximately contribute to the accident.

The court found defendant negligent in several respects, two of which appellant attacks in this appeal as his first two points.

Defendant claims that there is no evidence to support the findings that he was operating his truck in excess of the speed limit, or that he was driving his truck on the wrong side of the road.

■ While defendant makes a proper attack on these particular findings, we do not find that it would in any way profit him for us to consider his first two points on the merits. The court, in addition to the findings attacked above, also found that defendant was negligent in failing to keep a sharp lookout for horses; that he did not have his vehicle under control; that he was driving at a speed greater than reasonable and prudent, considering his knowledge of the turn and downgrade and the approaching junction, and in failing to slow when he saw the horses. Assuming a successful attack on two acts of negligence found by the court, the remaining acts are sufficient to support the judgment.

In his third point, defendant argues that plaintiff was negligent per se in that he failed to yield the right of way or obey the stop sign at the intersection (§§ 64–18–29 and 64–18–44, N.M.S.A.1953), and in permitting his livestock to be "at large" on the highway in violation of §§ 40–23–4(B) and 64–18–62(b), N.M.S.A.1953.

■ We find defendant's third point also to be without merit. Try as we will, we cannot see that any of the mentioned statutes have any application in the instant sit-

uation. §§ 64–18–29 and 64–18–44, N.M.S.A.1953, when read along with § 64–15–6, N.M.S.A.1953, provide that persons riding animals or driving animal drawn vehicles must stop before entering a through highway or before entering an intersection where a stop sign is posted, and shall yield the right of way to other vehicles approaching the intersection.

Neither are §§ 40–23–4(B) and 64–18–62 (b), N.M.S.A.1953, applicable under the facts of this case. § 40–23–4(B) makes it unlawful to negligently permit or allow "livestock to run at large upon any part of the public highways of this state which are fenced on both sides." § 64–18–62(b) makes it unlawful "to permit livestock to wander or graze upon any fenced highway at any time * * *." Under the uncontroverted facts, we do not think that horses being herded as were those in the instant case can in any sense be considered to be running "at large" or wandering or grazing on the highway.

These statutes have no application to horses being driven across a highway. The plaintiff, as owner of the horses, was required to use due care—such as an ordinary reasonable and prudent person would use under the circumstances—no more and no less. The court found, and such findings are not attacked, that plaintiff's actions detailed above did not amount to negligence, and neither did they proximately contribute to the accident.

From the foregoing, it is clear that the court found the plaintiff free from negligence, and that none of his acts proximately contributed to the loss. As we have stated, the statutes here argued as requiring a finding of negligence per se are not applicable.

It follows from what has been said that the judgment appealed from should be affirmed.

It is so ordered.

CARMODY and NOBLE, JJ., concur.